■ Hussnain Ali Nasir et al., Respondents, v Kyle Tait et al., Appellants. [9 NYS3d 660]—

In an action to recover damages for personal injuries, the defendants Kyle Tait and Patricia Carol Thomas appeal, and the defendants Madera M. Fernandez and David Fernandez separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated July 17, 2014, as granted the plaintiffs' motion pursuant to CPLR 3104 (d) to review an order of a referee of the same court (Schneier, J.H.O.), dated May 6, 2014, to the extent of vacating the provision thereof directing the plaintiffs to provide authorizations for the records of the plaintiff Hussnain Ali Nasir's treatment for diabetes and for no-fault records.

Ordered that the order dated July 17, 2014 is reversed insofar as appealed from, on the law, with one bill of costs, the

plaintiffs' motion pursuant to CPLR 3104 (d) is denied, and so much of the order dated May 6, 2014 as directed the plaintiffs to provide authorizations for the records of the plaintiff Hussnain Ali Nasir's treatment for diabetes and for no-fault records is reinstated.

By order dated May 6, 2014, a referee directed the plaintiffs to provide, among other things, HIPAA compliant authorizations for all medical records pertaining to the plaintiff Hussnain Ali Nasir's "preexisting diabetes" and all "no fault records" for the period of two years prior to, and two years after, the subject accident. By notice of motion dated May 19, 2014, the plaintiffs moved pursuant to CPLR 3104 (d) to review that order. In the order appealed from, the Supreme Court granted the motion "to the extent of vacating so much of the May 6, 2014, order as directed the plaintiffs to provide authorizations for Hussnain [Ali] Nasir's treatment for diabetes and for no-fault records." We reverse.

Pursuant to CPLR 3104 (d), any party "may apply for review of an order made under this section . . . within five days after the order is made" (*see East End Labs., Inc. v Altaire Pharms., Inc.*, 100 AD3d 824, 825 [2012]; *CIT Project Fin. v Credit Sussie First Boston LLC*, 7 Misc 3d 1002[A], 2005 NY Slip Op 50406[U] [2005] [Sup Ct, NY County 2005]; Patrick M. Connors, 2006 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3104:1, 2015 Pocket Part at 268-270). The May 6, 2004 order was signed by the attorneys for the parties, and the plaintiffs' attorney, in his affirmation in support of the motion pursuant to CPLR 3104 (d), did not address the untimeliness of the motion, or assert that he was unaware of the order as of May 6, 2014. Moreover, he failed to show any "good cause" (CPLR 2004) for the delay in making the motion (*see Southstar III, LLC v Enttienne*, 120 AD3d 1332 [2014]). Contrary to the plaintiffs' current argument to the effect that the five-day time limitation set forth in CPLR 3104 (d) ran from the date that the May 6, 2014 order was entered, CPLR 3104 (d) unequivocally provides that the five-day period runs from the date that the order was made.

Accordingly, the motion pursuant to CPLR 3104 (d) should have been denied as untimely, and we need not address the merits of the motion. Mastro, J.P., Sgroi, Cohen and Duffy, JJ., concur.