Oldcastle Precast, Inc. v Steiner Bldg. NYC, LLC (2023 NY Slip Op 50531(U))

[*1]

Oldcastle Precast, Inc. v Steiner Bldg. NYC, LLC

2023 NY Slip Op 50531(U)

Decided on May 31, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 31, 2023
Supreme Court, New York County

Oldcastle Precast, Inc., Plaintiff,

against
Steiner Building NYC, LLC, Kent Steiner, LLC, John Doe No. 1 Through John Doe No. 5, Defendant.

Index No. 651491/2019

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 004) 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337 were read on this motion to VACATE/STRIKE - NOTE OF ISSUE/JURY DEMAND/FROM TRIAL CALENDAR.
In this action, inter alia, to recover damages for breach of contract, defendants Steiner Building NYC, LLC and Kent Steiner, LLC (hereinafter together defendants) move to vacate the note of issue pursuant to 22 NYCRR 202.21 (e). Plaintiff opposes the motion and cross-moves for sanctions pursuant to 22 NYCRR 130-1.1. BACKGROUND
This action arises out of a trade contract related to the construction of a film and television soundstage complex located in the Brooklyn Navy Yard. Pursuant to the contract, plaintiff agreed to, among other things, manufacture, furnish, and install pre-cast concrete structures for the project.
On March 12, 2019, plaintiff commenced this action against defendants for, inter alia, breach of contract, account stated, and quantum meruit, alleging nonpayment of the balance due to plaintiff under the contract (complaint, NYSCEF doc no. 1; Amended Complaint, NYSCEF [*2]doc. no. 90). Defendants interposed an answer with counterclaims against plaintiff for, among other things, breach of contract and negligence (Answer with Counterclaims, NYSCEF doc. no. 6; Answer to Amended Complaint with Counterclaims, NYSCEF doc no. 94; Amended Answer to Amended Complaint with Counterclaims, NYSCEF doc. no. 98).
On August 11, 2021, after protracted discovery disputes, the court, upon consent of the parties, designated the Honorable Rosalyn H. Richter (Ret.) (hereinafter the Referee) to serve as a special referee to hear and determine any discovery issues not resolved amongst the parties and their counsel (NYSCEF doc. no. 221). Over the next 13 months, the Referee supervised disclosure. The Referee held many conferences and issued numerous letter orders. Ultimately, on September 11, 2022, the Referee issued an order stating that "[t]he discovery reference before me is now concluded and the parties shall forthwith advise the Court of my position that the discovery reference is over" (NYSCEF doc. no. 335). 
On October 18, 2022, plaintiff's counsel wrote to the court, advising that the discovery reference had concluded and requesting a conference "wherein a briefing schedule may be set for summary judgment motions and the note of issue filing may be discussed" (NYSCEF doc. no. 296). A status conference was scheduled for December 6, 2022. In advance of the status conference, on November 8, 2022, plaintiff filed a note of issue and certificate of readiness (NYSCEF doc. no. 297). On November 28, 2022, defendants moved to vacate the note of issue pursuant to 22 NYCRR 202.21 (e), on the ground that discovery was not complete. Plaintiff submitted opposition to the motion and cross-moved for the imposition of sanctions against defendants pursuant to 22 NYCRR 130-1.1, asserting that defendants' request to vacate the note of issue is frivolous.
DISCUSSION
Defendants' Motion to Vacate Note of Issue
Pursuant to 22 NYCRR 202.21 (e):
"Within 20 days after service of a note of issue and certificate of readiness, any party to the action . . . may move to vacate the note of issue, upon affidavit showing in what respects the case is not ready for trial, and the court may vacate the note of issue if it appears that a material fact in the certificate of readiness is incorrect, or that the certificate of readiness fails to comply with the requirements of this section in some material respect."
Thus, where a party timely moves to vacate a note of issue, "the only showing necessary on the motion is that a material fact in the certificate of readiness is incorrect, or that the certificate of readiness fails to comply with the requirements of . . . section [202.21] in some material respect" (Sky Coverage Inc. v Alwex Inc., 202 AD3d 454, 454 [1st Dept 2022] [internal quotation marks and citations omitted]). 
Here, defendants timely interposed their motion to strike the note of issue within 20 days of plaintiff filing the note of issue and certificate of readiness. Defendants concede they are not seeking any outstanding or additional discovery. The record evinces that defendants received ample discovery prior to the filing of the note of issue—more than three and a half years after the commencement of this action. Nevertheless, defendants assert that the note of issue should be vacated because it misstates that discovery is complete. They contend that "two significant discovery issues" were left open by the Referee: (1) whether plaintiff should be sanctioned for spoliation of evidence and (2) the propriety of certain rebuttal expert reports submitted by plaintiff and sur-rebuttal expert reports submitted by defendants. Defendants emphasize that [*3]they are not asking the court to resolve these issues on the present motion. Rather, their purpose in raising them is to demonstrate that the matter is not ready for trial. For the reasons that follow, the court declines to vacate the note of issue.
Sanctions for Spoliation of Evidence
The Referee specifically declined to decide defendants' request for spoliation sanctions and directed that the issue of spoliation be briefed and determined by this court as part of summary judgment motions or as a motion in limine (NYSCEF doc. no. 309). The issue is currently the subject of a pending motion made by defendants seeking spoliation sanctions against plaintiff (mot. seq. no. 005) and is also raised by defendants and briefed by the parties in connection with defendants' motion for summary judgment (mot. seq. no. 007). Therefore, the issue of whether to impose spoliation sanctions on plaintiff will be addressed by the court in the context of those motions. Vacating the note of issue is not warranted on this basis.
Plaintiff's Rebuttal Expert Reports
Next, defendants assert that the note of issue should be vacated because the Referee declined to rule on whether certain rebuttal expert reports offered by plaintiff were improper. Defendants sought permission from the Referee to strike such reports on the ground that they violated a prior ruling in this case issued by the Honorable O. Peter Sherwood, J. (Ret.) via email on July 22, 2020, wherein the court stated:
"Rebuttal reports shall be strictly limited to addressing matters in the report it purports to rebut. Violation of this restriction may result in the entire report being stricken and any related testimony being barred"
(NYSCEF doc. no. 312). According to defendants, plaintiff's rebuttal expert reports were not limited to addressing matters in the reports they purported to rebut and were therefore improper.
The Referee declined to entertain such a motion, issuing a letter order, dated January 26, 2022, wherein she stated:
"My conclusion is this matter should be addressed by the Court after my role as a discovery referee is complete since it is not a discovery issue. It is more properly raised, either in conjunction with any summary judgment motion practice or as a motion in limine. Accordingly, I will not accept briefing on this issue"
(NYSCEF doc. no. 343). 
The Referee's decision not to entertain defendants' motion regarding these reports does not warrant vacating the note of issue and further delaying resolution of this action. Defendants have not been precluded from raising this issue in connection with summary judgment motion practice and may move in limine to obtain an order on this issue. 
Defendants' Sur-rebuttal Expert Reports
Defendants also contend that there is an open issue as to whether certain sur-rebuttal/ "supplemental" expert reports they submitted were properly precluded by the Referee. Specifically, they challenge a letter order, dated March 25, 2022, wherein the Referee stated:
"I am not, at this late stage, permitting defendant to rely on the 'supplemental' expert reports. I am issuing this ruling at plaintiff's request and over defendant's objection . . . I am allowing both sides to document their positions further to preserve the issue for appeal and have set short dates for submissions of two-page letters. However, I note that the parties had an opportunity to argue this issue, and I took those arguments into account before ruling.
. . .
As the discovery referee in this matter, it is within my discretion to control the timing of discovery production. The production of these lengthy reports at this stage, without any consideration of how it would impact the scheduling of the depositions, should not be condoned. . . . I find no basis, based on the history of this case, to postpone these depositions, which would have been the only reasonable option if the reports were accepted.
. . .
Finally, the reports themselves indicate that they are far more than rebuttal to plaintiff's rebuttal, but rather they supplement the original expert reports in this matter.
Fact discovery, including from defendant's principal, is over and the date for expert depositions to be finished is imminent. . . . I conclude that the timing of this recent production is unfair given the lengthy discovery delays that have occurred in this case already"
(NYSCEF Doc. No. 274). The Referee distinguished this ruling from her decision not to address defendants' challenge to the propriety of plaintiff's rebuttal expert reports, noting that defendants' objection to such reports "involves more than an issue of timing" (id.). 
On this motion, defendants take issue with this ruling, arguing that the Referee's decision not to accept their sur-rebuttal/"supplemental" reports is entirely inconsistent with the Referee's decision not to entertain defendants' motion to strike plaintiff's improper rebuttal reports. Defendants assert that if plaintiff's rebuttal reports are not stricken, they will seek to have their sur-rebuttal reports accepted as timely. They contend that in light of the existence of this issue, the case is not ready for trial.
Defendants' challenge to the Referee's order does not warrant vacating the note of issue.
A reference to supervise disclosure is governed by CPLR 3104. Pursuant to CPLR 3104 (d), "[a]ny party or witness may apply for review of an order made under this section by a referee. The application shall be by motion made in the court in which the action is pending within five days after the order is made" (CPLR 3104 [d]). The "five-day period runs from the date the order was made" not from the date the order was entered (Nasir v Tait, 128 AD3d 1033, 1034 [2d Dept 2015]; see East End Labs., Inc. v Altaire Pharms., Inc., 100 AD3d 824, 825 [2d Dept 2012]; CIT Project Fin. v Credit Suisse First Boston LLC, 7 Misc 3d 1002[A], 2005 NY Slip Op 50406 [U] [Sup Ct, NY County 2005]; cf. Casa de Meadows Inc. (Cayman Islands) v Zaman, 76 AD3d 917, 923 [1st Dept 2010] [rejecting plaintiffs' claim that defendant's failure to seek review of orders made by a special master designated to supervise discovery within five days barred appeals from the special discovery master's orders where plaintiffs did "not claim that any of the Special Master's decisions were entered, so CPLR 3104 (d) is not a bar to these appeals"]).
The court notes that the Referee permitted defendants to preserve their objections by allowing the parties to enter two-page letters addressing the issue. Defendants submitted such a letter to the Referee on March 28, 2022, wherein they raised the same arguments set forth herein and stated that they "respectfully except and reserve [their] rights to raise all issues related to your ruling with the court" (NYSCEF doc. no. 311). However, defendants never sought this court's review of the Referee's March 25, 2022 order and, at this juncture, any such motion would be untimely (see CIT Project Fin. v Credit Suisse First Boston LLC, 7 Misc 3d 1002 [A], 2005 NY Slip Op 50406[U],** 3 ["Section 3104 (d) sets a five day requirement in order to foster the prompt resolution of disputed discovery issues in order to move the lawsuit" and [*4]accommodates "the on-going nature of discovery," by establishing "a scheme for the expedited review of the challenged discovery order"]). As such, defendants' objection to the Referee's ruling does not warrant vacatur of the note of issue so as to further delay this litigation. 
Thus, defendants' motion is denied.
Plaintiff's Cross-Motion for Sanctions
Plaintiff asks this court to sanction defendants pursuant to 22 NYCRR 130-1.1 on the ground that their motion to vacate the note of issue is "utterly baseless." The arguments raised in support of defendants' motion do not reach a level of frivolousness so as to support the imposition of sanctions pursuant to 22 NYCRR 130-1.1. 
Thus, plaintiff's request for sanctions is denied.
CONCLUSION
Accordingly, in accordance with the foregoing, it is hereby
ORDERED that the motion by defendants Steiner Building NYC, LLC and Kent Steiner, LLC to vacate the note of issue pursuant to 22 NYCRR 202.21 (e) is denied; and it is further
ORDERED that plaintiff's cross-motion for sanctions pursuant to 22 NYCRR 130-1.1 is denied; and it is further
ORDERED that counsel are directed to appear for a virtual pre-trial conference on October 12, 2023, at 10:30 AM.
This constitutes the decision and order of the court. 
5/31/2023
ROBERT R. REED, J.S.C.